AO 241 (Rev. 10/07)

Page 2

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted): Chriss Powell | Docket or Case No.: 25-CV-6038 |
| Place of Confinement: SCI Somerset | Prisoner No.: HN-0158 |
| Petitioner (include the name under which you were convicted) Chriss Powell | v. Respondent (authorized person having custody of petitioner) Ken Hollibaugh |
| The Attorney General of the State of | Pennsylvania |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Court of Common Pleas of Philadelphia

   (b) Criminal docket or case number (if you know): CP-51-CR-0511333-2006

2. (a) Date of the judgment of conviction (if you know): 12/4/2007

   (b) Date of sentencing: 4/17/2008

3. Length of sentence: 62½ to 125 years of imprisonment

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Attempted murder, four counts of aggravated assault, criminal conspiracy, and carrying a firearm without a license

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 10/07) Page 3

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

       ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court:     Superior Court of Pennsylvania

    (b) Docket or case number (if you know):     1470 EDA 2008

    (c) Result:     Affirmed

    (d) Date of result (if you know):     11/19/2010

    (e) Citation to the case (if you know):     Commonwealth v. Powell, 22 A.2d 1075 (Pa. Super. 2010)

    (f) Grounds raised:
1. The trial court erred in instructed the jury that it could convict Chriss Powell on his mere presence at the scene of the crime.
2. The trial court erred in failing to declare a mistrial after the prosecutor's presentation of the victim's testimony.
3. The trial court erred by not sustaining the defense's objection to the prosecutor's misconduct during closing arguments, where the prosecutor told the jury that mere presence was sufficient proof of conspiracy.
4. Chriss Powell's sentence of 62 ½ to 125 years' imprisonment was imposed without appropriate reference to the sentencing guidelines.

    (g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

        If yes, answer the following:

        (1) Name of court:     The Supreme Court of Pennsylvania

        (2) Docket or case number (if you know):     NO. 718 EAL

        (3) Result:

             Allowance of Appeal denied

        (4) Date of result (if you know):     12/5/2011

AO 241 (Rev. 10/07)                                                                                                                Page 4

        (5) Citation to the case (if you know):   Commonwealth v. Powell, 34 A.3d 829 (Pa. 2011)

        (6) Grounds raised:

           Chriss Powell raised the same claims that he raised in his appeal to the Pennsylvania Superior Court.

    (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

        If yes, answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:   Common Pleas of Philadelphia County

        (2) Docket or case number (if you know):   CP-51-CR-0511333-2006

        (3) Date of filing (if you know):   1/28/2014

        (4) Nature of the proceeding:   PCRA Petition

        (5) Grounds raised:

           1. Petitioner was denied his right to a public trial during jury selection and during the testimony of witness A.W.
           2. Petitioner was denied his right to a fair trial when the prosecutor committed misconduct during closing arguments.
           3. Trial counsel was ineffective for failing to request an alibi instruction.
           4. Trial counsel was ineffective for failing to adequately object to and appeal the court's conducting a non-public trial during jury selection and during the testimony of A.W.
           5. Trial counsel was ineffective for failing to adequately object and appeal the prosecutor's misconduct during closing arguments by stating that Chriss Powell had an obligation to state that he was not part of the crime.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes   ☑ No

        (7) Result:   All claims denied aside from vacating the sentence relating to the firearm conviction.

        (8) Date of result (if you know):   8/3/2020

AO 241                                                                              Page 5
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    Court of Common Pleas of Philadelphia

    (2) Docket or case number (if you know):    CP-51-CR-0511333-2006

    (3) Date of filing (if you know):    6/23/2022

    (4) Nature of the proceeding:    PCRA

    (5) Grounds raised:

        Preliminary hearing counsel, Robert Dixon, Esquire, was ineffective for failing argue for lack of subject matter jurisdiction, where the Commonwealth presented no evidence that he was one of the shooters, in violation of a constitutional right recognized and adopted by the Supreme Court of the United States in Martinez v. Ryan, 566 U.S. 1 (2012).

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes     ☑ No

    (7) Result:    Denied

    (8) Date of result (if you know):    1/26/2024

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Ineffective assistance of counsel.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

In violation of Brady v. Maryland, Napue v. Illinois, and the United States and Pennsylvania Constitutions, the Commonwealth failed to disclose evidence contradicting its case at trial and revealing an alternative suspect.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial, Lahronda Wiggins testified that she only saw the four codefendants on the corner when the shooting occurred. N.T. 11/20/07, at 57. Ms. Wiggins' Commonwealth's star witness against Mr. Powell.

The prosecution failed to disclose evidence that it obtained information of a fifth suspect, Darryl Harding. Had this evidence been disclosed it would have undermined the entire case against Mr. Powell. Counsel would have used this information to undermine the already shaky eyewitness testimony of Ms. Wiggins as well as the police's investigation into the case. Given the physical similarities between Mr. Powell and Mr. Harding, counsel would have argued that it was Harding, not Chriss Powell on the corner when the shooting occurred. Had this evidence been presented, Mr. Powell surely would not have been found guilty. The jury already harbored doubt and deliberated for more than two days. The suppressed evidence would have tipped the scales and resulted in Mr. Powell's acquittal.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This claim is presently being litigated in the Philadelphia Court of Common Pleas.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　　☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

At the time of Petitioner's direct appeal Petitioner was not aware of the suppressed evidence.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　☑ Yes　　☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:　　PCRA Petition

Name and location of the court where the motion or petition was filed:
Court of Common Pleas of Philadelphia.

Docket or case number (if you know):　　CP-51-CR-0511333-2006

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

The PCRA petition is pending.

(3) Did you receive a hearing on your motion or petition?　　☐ Yes　　☐ No
(4) Did you appeal from the denial of your motion or petition?　　☐ Yes　　☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　☐ Yes　　☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
PCRA petition is pending.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

Chriss Powell is actually innocent and his continued incarceration is in violation of the Eighth and Fourteenth Amendments of the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Larhonda Wiggins was the only witness to identify Donte Rollins and Raheem Collins as the men who fired the shots, and Chriss Powell and Kevin Norris as their alleged coconspirators with them on the corner. On September 30, 2024, Wiggins recanted her testimony identifying Mr. Collins and Mr. Powell as among the group on the corner. This recantation resulted in the exoneration of Mr. Collins on November 22, 2024, who was the third co-defendant exculpated. Co-defendant Rollins was exonerated in 2016 after he marshalled video evidence unequivocally establishing an alibi. And co-defendant Norris was acquitted by the jury. Chriss Powell is the only co-defendant still under conviction based on Mr. Wiggins' unreliable identification. New evidence from Benjamin Wright also further proves Mr. Powell's innocence. Wright claimed that the four codefendants conspired to harm him because of a disagreement they had with him over his nephew. This was the sole motive tying Mr. Powell to the shooting. Mr. Wright testified on September 30, 2024 that the shooting occurred because he was selling drugs on the street at that time. This new evidence provides a different motive for the shooting and critically impeaches Wright's trial testimony that he was not involved in any criminal activity at the time of the shooting. The new evidence proves that Chriss Powell is actually innocent and incarceration is unlawful.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This claim is presently being litigated in the Philadelphia Court of Common Pleas.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

The evidence presented either did not exist at the time of direct appeal or was suppressed by the Commonwealth.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    PCRA Petition

Name and location of the court where the motion or petition was filed:
Court of Common Pleas of Philadelphia.

Docket or case number (if you know):    CP-51-CR-0511333-2006

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Petition is pending

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
Relief is required based on Lahronda Wiggins' 9/30/2024 recantation establishing Chriss Powell's innocence and proving that his convictions were based on an unreliable eyewitness identification.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Larhonda Wiggins was the only witness to identify Chriss Powell as being on the corner when shots were fired. During the recent post-conviction proceedings of co-defendant Collins, a suppressed note was disclosed naming an alternative suspect. (See claim one). Based on this revelation, counsel for Collins interviewed Ms. Wiggins. On September 30, 2024, Ms. Wiggins recanted her trial testimony placing Collins and Powell on the corner when the shots were fired. Ms. Wiggins' recantation was found credible by the Honorable Judge Zachary Shaffer, and led to the exoneration of Raheem Collins on November 22, 2024. Mr. Collins was the third codefendant exculpated in this case. Chriss Powell is the only codefendant still under conviction. Ms. Wiggins' recantation entirely absolves Mr. Powell of any involvement in the crime he stands convicted.

AO 241            Page 10
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

This claim is presently being litigated in the Philadelphia Court of Common Pleas.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

The evidence presented either did not exist at the time of direct appeal or was suppressed by the Commonwealth.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA Petition

Name and location of the court where the motion or petition was filed:

Court of Common Pleas of Philadelphia

Docket or case number (if you know): CP-51-CR-0511333-2006

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Petition is pending

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241   Page 11
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

PCRA Petition is pending.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❒ Yes   ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes   ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

✎AO 241 Page 13
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

Grounds one, two, and three have not been presented to the highest state court having jurisdiction. Petititioner was only recently provided with the evidence supporting the grounds raised. The grounds raised in this petition have been raised in a PCRA petition that is currently pending in the Court of Common Pleas of Phiadelphia. Petitioner files his petition for writ of habeas corpus as a protective habeas petition.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims: The trial court erred by instructing the jury that it could convict based on mere presence; the trial court erred when it failed to grant a mistrial based on the prosecutor's comments during closing arguments that the jury could convict based on mere presence; the prosecutor committed misconduct during closing arguments by commenting on the defendant's silence; trial counsel was ineffective for failing to request an alibi instruction. On June 10, 2024, the Honorable Judge Cynthia Rufe dismissed the petition as untimely. Powell v. Tice, 2:22-cv-02552 (E.D. Pa. June 10, 2024).

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

Petitioner has a PCRA Petition pending in the Philadelphia Court of Common Pleas. Commonwealth v. Chriss Powell, CP-51-CR-0511333-2006. In that petition Mr. Powell raised a Brady claim relating to a suppressed alternative suspect; _drcpdiscovered evidence claims concerning Lahronda Wiggins' recent recantation, Benjamin Wright's recent motive testimony, and codefendant Collins' exoneration; and an actual innocence claim.

AO 241 (Rev. 10/07)   Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
Robert Dixon, 1515 Market St # 1200, Philadelphia, PA 19102

(b) At arraignment and plea:
Robert Dixon *

(c) At trial:
Robert Dixon *

(d) At sentencing:
Robert Dixon *

(e) On appeal:
Lloyd Long Everett III, 1845 Walnut St., 25th Floor, Philadelphia, PA, 19103

(f) In any post-conviction proceeding:
Mark Mungello, 2 Penn Center, Philadelphia, PA 19102
Earl Dubois Raynor, 234 N Peach St, Philadelphia, PA 19139

(g) On appeal from any ruling against you in a post-conviction proceeding:
Mark Mungello *

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petition is timely. Although Petitioner's judgment of conviction became final over one year ago, the factual predicate for the grounds raised could not have been discovered previously through the exercise of due diligence and Petitioner has raised the grounds within one year of becoming aware of the new evidence.

AO 241 (Rev. 10/07)                                                                                                                        Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241  Page 16
(Rev. 10/07)

       (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Chriss Powell's convictions and sentence vacated, and Chriss Powell's release from the custody of the Department of Corrections.

or any other relief to which petitioner may be entitled.

                                       _____
                                           Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

                                       _____
                                           Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.